```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -X
                                    :
UNITED STATES OF AMERICA            :    SEALED INDICTMENT
                                    :
    - v. -                          :    22 Cr.
                                    :
SAKOYA BLACKWOOD,                   :
    a/k/a "Koya Blackwood Fews,"    :
    a/k/a "Lila Cohen,"             :
                                    :    22 CRIM 460
                  Defendant.        :
                                    :
- - - - - - - - - - - - - - - - - -X
```

## COUNT ONE
### (Interstate Communications with Intent to Extort)

The Grand Jury charges:

1. Since at least in or about March 2022, up to and including in or about the present, in the Southern District of New York and elsewhere, SAKOYA BLACKWOOD, a/k/a "Koya Blackwood Fews," a/k/a "Lila Cohen," the defendant, knowingly and with intent to extort from a person, firm, association, and corporation, money and a thing of value, transmitted in interstate and foreign commerce a communication containing a threat to injure the property and reputation of the addressee and of another and a threat to accuse the addressee and another person of a crime, to wit, BLACKWOOD used multiple online identities to target one or more wealthy and high-profile men in a catfishing and extortion scheme, during which BLACKWOOD threatened to release sexually explicit photographs of, and sexually explicit communications involving, a particular

individual who is the Chief Executive Officer of a publicly traded company ("Victim-1") with the intent to extort Victim-1.

(Title 18, United States Code, Sections 875(d) and 2.)

## COUNT TWO
### (Cyberstalking)

The Grand Jury further charges:

2. Since at least in or about March 2022, up to and including in or about the present, in the Southern District of New York and elsewhere, SAKOYA BLACKWOOD, a/k/a "Koya Blackwood Fews," a/k/a "Lila Cohen," the defendant, with the intent to injure, harass, and intimidate another person, used the mail, an interactive computer service and electronic communication service and electronic system of interstate commerce, and another facility of interstate and foreign commerce to engage in a course of conduct that caused, attempted to cause, and would be reasonably expected to cause substantial emotional distress to a person, to wit, BLACKWOOD engaged in a campaign of harassment, intimidation, and threats against Victim-1, including by sending harassing, threatening, and intimidating text messages to Victim-1.

(Title 18, United States Code, Sections 2261A(2)(B) and 2.)

## COUNT THREE
### (Extortion)

The Grand Jury further charges:

3. Since at least in or about March 2022, up to and

including in or about the present, in the Southern District of New York and elsewhere, SAKOYA BLACKWOOD, a/k/a "Koya Blackwood Fews," a/k/a "Lila Cohen," the defendant, attempted to commit extortion as that term is defined in Title 18, United States Code, Section 1951(b)(2), and thereby would and did obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit, BLACKWOOD used threats of economic and reputational harm from the release of sexually explicit communications and photographs in an attempt to obtain payments from Victim-1.

(Title 18, United States Code, Sections 1951 and 2.)

## FORFEITURE ALLEGATIONS

4. As a result of committing the offenses alleged in Count One and Three of this Indictment, SAKOYA BLACKWOOD, a/k/a "Koya Blackwood Fews," a/k/a "Lila Cohen," the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from, proceeds traceable to the commission of said offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses that the defendant personally obtained.

<u>Substitute Assets Provision</u>

5. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

        (Title 18, United States Code, Section 981;
    Title 21, United States Code, Section 853; and
     Title 28, United States Code, Section 2461.)

_____       _____
FOREPERSON       DAMIAN WILLIAMS
     United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

---

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

---

UNITED STATES OF AMERICA

v.

SAKOYA BLACKWOOD,
a/k/a "Koya Blackwood Fews,"
a/k/a "Lila Cohen,"

Defendant.

---

<u>SEALED INDICTMENT</u>

22 Cr.

(18 U.S.C. §§ 875(d), 1951,
2261A(2)(B), and 2.)

DAMIAN WILLIAMS
United States Attorney

*[signature]*
Foreperson

---

8/30/22

Filed Indictment under seal.
Arrest warrant issued.

*[signature]*
USMJ Willis