UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

SAKOYA BLACKWOOD,
a/k/a "Koya Blackwood Fews,"
a/k/a "Lila Cohen,"

*Defendant.*

**Protective Order**

**22 Cr. 460 (JMF)**

Upon the application of the United States of America, with the consent of the undersigned counsel, and the defendant having requested discovery under Fed. R. Crim. P. 16, the Court hereby finds and orders as follows:

1. **Disclosure Material.** The Government will make disclosure to the defendant of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "disclosure material." The Government's disclosure material may include material that (1) affects the privacy and confidentiality of individuals and entities, including sexually explicit materials; and (2) is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

2. **"Sensitive" Disclosure Material.** Certain of the Government's disclosure material, referred to herein as "sensitive disclosure material," contains information that affects the privacy and confidentiality of individuals and entities, including sexual explicit materials that could be embarrassing to such individuals. The Government's designation of material as sensitive disclosure material will be controlling absent contrary order of the Court.

3. **"Attorneys' Eyes Only" Disclosure Material.** Certain of the Government's disclosure material, referred to herein as "attorneys' eyes only disclosure material," contains confidential information. The Government believes in good faith that such confidential disclosure material should not be disclosed to the defendant. In the event that defense counsel disagrees about the Government's designation of material as confidential disclosure material, counsel for the objecting party and the Government shall meet and confer in an effort to resolve such dispute. However, the Government's designation of material as confidential disclosure material shall be controlling absent contrary order of the Court.

**NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:**

4. Disclosure material shall not be disclosed by the defendant or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any disclosure material or sensitive disclosure material on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any disclosure material to the media or any third party except as set forth below.

5. Sensitive disclosure material shall be kept in the sole possession of counsel; shall not be reviewed or maintained by the defendant outside the presence of counsel or personnel employed by or retained by counsel; shall not be copied or otherwise recorded by the defendant; and may be disclosed by counsel only to personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action.

6. Counsel may disclose attorneys' eyes only disclosure material only to personnel for whose conduct counsel is responsible, i.e., personnel employed by or retained by counsel, as needed for purposes of defending this case.

7. The Government may authorize, in writing, disclosure of disclosure material, sensitive disclosure material, and attorneys' eyes only disclosure material beyond that otherwise permitted by this Order without further Order of this Court.

8. This Order does not prevent the disclosure of any disclosure material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action.  However, sensitive disclosure material pertinent to any motion before the Court should initially be filed under seal, absent consent of the Government or Order of the Court.  All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

**Return or Destruction of Material**

12. Except for disclosure material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all disclosure material, including the seized ESI disclosure material, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; the period of filing a motion for postconviction relief under 22 U.S.C. § 2255;  or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later. This provision does not apply to any disclosure material or ESI that belongs to the defendant.

**Retention of Jurisdiction**

13. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney

by: _____
      Mollie Bracewell
      Justin Rodriguez
      Assistant United States Attorneys


_____
      Michael Tremonte, Esq.
      Anna Estevao, Esq.
      Attorneys for SAKOYA BLACKWOOD


Dated: New York, New York
       September 9, 2022

The Clerk of Court is directed to terminate Doc. #14.
SO ORDERED:
_____
Honorable Jesse M. Furman
United States District Judge
Southern District of New York

4