**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA,

    -against-

SAKOYA BLACKWOOD,

            Defendant.

22 Cr. 460 (JMF)

# MEMORANDUM OF LAW IN SUPPORT OF
# SAKOYA BLACKWOOD'S MOTION TO DISMISS

Michael Tremonte
Anna Estevao
Sher Tremonte LLP
90 Broad Street, 23rd Floor
New York, New York 10004
Tel: 212.202.2600
E-mail: mtremonte@shertremonte.com

*Attorneys for Sakoya Blackwood*

FILED UNDER SEAL

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ..................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................ 1

FACTUAL BACKGROUND ..................................................................................................... 2

ARGUMENT ............................................................................................................................. 6

I.     Counts One and Three of the Indictment Should Be Dismissed For Lack of
Wrongfulness ............................................................................................................... 6

II.    Count Two of the Indictment Should Be Dismissed Because the Cyberstalking
Statute is Overbroad and Unconstitutionally Vague ................................................... 9

     A.    The Cyberstalking Statute Encompasses Activity Protected by the First
Amendment ..................................................................................................... 10

          i.    18 U.S.C. § 2261A(2)(B) Violates the First Amendment as Applied
to Ms. Blackwood ................................................................................. 10

          ii.    18 U.S.C. § 2261A(2)(B) Is Facially Overbroad Under the First
Amendment ........................................................................................... 14

     B.    The Cyberstalking Statute Is Unconstitutionally Vague ....................................... 17

          i.    18 U.S.C. § 2261A(2)(B) Is Unconstitutionally Vague as Applied
to Ms. Blackwood ................................................................................. 18

          ii.    18 U.S.C. § 2261A(2)(B) Is Unconstitutionally Vague on Its Face ......... 20

CONCLUSION ......................................................................................................................... 20

FILED UNDER SEAL

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Beauharnais v. Illinois*,
   343 U.S. 250 (1952) ................................................................................................ 11

*Boos v. Barry*,
   485 U.S. 312 (1988) ................................................................................................ 11

*Brandenburg v. Ohio*,
   395 U.S. 444 (1969) ................................................................................................ 11

*Chaplinksy v. New Hampshire*,
   315 U.S. 568 (1942) ................................................................................................ 11

*Dun & Bradstreet, Inc. v. Greenmoss Builders, Inc.*,
   472 U.S. 749 (1985) ................................................................................................ 10

*Giboney v. Empire Storage & Ice Co.*,
   336 U.S. 490 (1949) ................................................................................................ 11

*Hamling v. United States*,
   418 U.S. 87 (1974) .................................................................................................... 7

*Hobbs v. Cnty. of Westchester*,
   397 F.3d 133 (2d Cir. 2005) .................................................................................. 11

*Jews for Jesus, Inc. v. Jewish Cmty. Relations Council of N.Y., Inc.*,
   968 F.2d 286 (2d Cir. 1992) .................................................................................. 12

*Johnson v. United States*,
   576 U.S. 591 (2015) ........................................................................................ 17, 18

*Kolender v. Lawson*,
   461 U.S. 352 (1983) ................................................................................................ 17

*Reno v. Am. Civ. Liberties Union*,
   521 U.S. 844 (1997) ................................................................................................ 11

*Roth v. United States*,
   354 U.S. 476 (1957) ................................................................................................ 11

*Russell v. United States*,
   369 U.S. 749 (1962) ............................................................................................ 6, 7

FILED UNDER SEAL

*Sessions v. Dimaya,*
    138 S. Ct. 1204 (2018)................................................................ 17, 20

*Turner Broad Sys., Inc. v. Fed. Comm'cns Comm.,*
    512 U.S. 622 (1994).......................................................................... 11

*United States v. Ackell,*
    907 F.3d 67 (1st Cir. 2018)............................................................... 10

*United States v. Aleynikov,*
    676 F.3d 71 (2d Cir. 2012) ................................................................. 6

*United States v. Bowker,*
    372 F.3d 365 (6th Cir. 2004) ............................................................ 18

*United States v. Cassidy,*
    814 F. Supp. 2d 574 (D. Md. 2011) ............................................. 12, 13

*United States v. Clemente,*
    640 F.2d 1069 (2d Cir. 1981) ............................................................. 8

*United States v. Conlan,*
    786 F.3d 380 (5th Cir. 2015) ............................................................ 19

*United States v. Goldberg,*
    756 F.2d 949 (2d Cir. 1985) ............................................................... 7

*United States v. Gonzalez,*
    905 F.3d 165 (3d Cir. 2018) ............................................................. 18

*United States v. Jackson,*
    180 F.3d 55 (2d Cir. 1999) ............................................................. 8, 9

*United States v. Lanier,*
    520 U.S. 259 (1997)......................................................................... 17

*United States v. LaSpina,*
    299 F.3d 165 (2d Cir. 2002) ............................................................... 7

*United States v. Matusiewicz,*
    No. 13 Cr. 83, 2015 WL 1409650 (D. Del. Mar. 26, 2015) ................. 13

*United States v. Moreland,*
    207 F. Supp. 3d 1222 (N.D. Okla. 2016)........................................... 19

*United States v. Osinger,*
    753 F.3d 939 (9th Cir. 2014) ....................................................... 13, 20

FILED UNDER SEAL

*United States v. Oury,*
   No. 4:19-cr-080, 2020 WL 555377 (S.D. Ga. Feb. 4, 2020) ................................................. 19

*United States v. Petrovic,*
   701 F.3d 849 (8th Cir. 2012) ............................................................................................... 13

*United States v. Pirro,*
   212 F.3d 86 (2d Cir. 2000) ............................................................................................... 6, 7

*United States v. Roberts,*
   363 F.3d 118 (2d Cir. 2004) ............................................................................................... 17

*United States v. Sayer,*
   748 F.3d 425 (1st Cir. 2014)........................................................................................... 13, 19

*United States v. Sergentakis,*
   No. 15 Cr. 33(NSR), 2015 WL 3763988 (S.D.N.Y. June 15, 2015) ................................. 13, 14

*United States v. Shrader,*
   675 F.3d 300 (4th Cir. 2012) ............................................................................................... 19

*United States v. Stevens,*
   559 U.S. 460 (2010)...................................................................................................... 10, 15

*United States v. Stewart,*
   207 F.3d 658 (5th Cir. 2000) ............................................................................................... 18

*United States v. Stringer,*
   730 F.3d 120 (2d Cir. 2013) ................................................................................................. 7

*United States v. Sryniawski,*
   48 F.4th 583 (8th Cir. 2022) ............................................................................................... 15

*United States v. Turner,*
   720 F.3d 411 (2d Cir. 2013) ............................................................................................... 11

*United States v. Walsh,*
   194 F.3d 37 (2d Cir. 1999) ................................................................................................... 7

*United States v. Wedd,*
   993 F.3d 104 (2d Cir. 2021) ................................................................................................. 7

*United States v. Yung,*
   37 F.4th 70 (3d Cir. 2022) ................................................................................................... 16

*Va. Bd. of Pharm. v. Va. Citizens Consumer Council, Inc.,*
   425 U.S. 748 (1976)............................................................................................................ 11

FILED UNDER SEAL

*Watts v. United States*,
   394 U.S. 705 (1969) ............................................................................................ 11

*Zalaski v. City of Bridgeport Police Dep't*,
   613 F.3d 336 (2d Cir. 2010) ............................................................................... 11

**Statutes**

18 U.S.C. § 1951(b)(2) .............................................................................................. 7

18 U.S.C. § 2261A(2)(B) ......................................................................................... 10

Pub. L. No. 113-4, § 107(b) (2013) ....................................................................... 10

U.S. Const. amend. I ................................................................................................ 10

FILED UNDER SEAL

Defendant Sakoya Blackwood, by and through counsel, hereby moves for dismissal of Counts One, Two, and Three of the Indictment, ECF No. 1 (the "Indictment").

PRELIMINARY STATEMENT

Sakoya Blackwood is charged with interstate communications with intent to extort, in violation of 18 U.S.C. § 845(d) (Count One), cyberstalking, in violation of 18 U.S.C. § 2261A(2)(B) (Count Two), and Hobbes Act extortion, in violation of 18 U.S.C. § 1951 (Count Three). The charges relate to a series of messages involving the Chief Executive Officer of a public company ("Victim-1"), beginning in March 2022. All three counts are fatally flawed and should be dismissed.

*First*, the Court should dismiss Counts One and Three because the Indictment fails to allege wrongfulness. The use of fear of financial injury is not inherently wrongful—it is only wrongful where the threat is not accompanied by a "claim of right." Ms. Blackwood had a claim of right to the value of the information she would have sold to the media. Her information had market value in light of its relevance to the MeToo movement and the downfall of powerful businessmen who sexually abused young women. Because her information had high market value, and because there was a nexus between that high market value and the amount sought, Ms. Blackwood's use of fear of financial injury was not wrongful, and the indictment thus fails to allege that Ms. Blackwood extorted or intended to extort Victim-1.

*Second*, the Court should dismiss Count Two because the federal cyberstalking statute unconstitutionally encompasses conduct protected by the First Amendment. Because Ms. Blackwood's alleged communications never evinced an intent to threaten violence or physical injury, and instead involved messages of political import directed at a public figure, those communications are protected by the First Amendment. The federal cyberstalking statute—

1

FILED UNDER SEAL

which has been amended to proscribe more and more protected conduct—is overbroad in that it criminalizes conduct protected by the First Amendment.  Similarly, because no ordinary citizen would understand the breadth of the words "harass," "intimidate," and "substantial emotional distress" the statute is also unconstitutionally vague.  Ms. Blackwood's conduct was not extortionate—but even if it was, charges under the federal cyberstalking statute for such conduct are constitutionally untenable.  The Court should not tolerate these infirmities.

## FACTUAL BACKGROUND

On August 30, 2022, an Indictment was filed charging Ms. Blackwood with interstate communications with the intent to extort, in violation of 18 U.S.C. 875(d) and 2; cyberstalking, in violation of 18 U.S.C. 2261A(2)(B) and 2; and Hobbs Act extortion, in violation of 18 U.S.C. 1951 and 2.  The charges are based on the following series of text exchanges, allegedly between Ms. Blackwood and Victim-1.

FILED UNDER SEAL

FILED UNDER SEAL

FILED UNDER SEAL

██████████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████

## ARGUMENT

### I.   Counts One and Three of the Indictment Should Be Dismissed For Lack of Wrongfulness

Under Federal Rule of Criminal Procedure 12(b), a motion to dismiss may raise "any

defense, objection, or request that the court can determine without a trial on the merits."

Because federal crimes are "solely creatures of statute," a federal indictment can be challenged

on the ground that "it fails to allege a crime within the terms of the applicable statute."  *United

States v. Aleynikov*, 676 F.3d 71, 75-76 (2d Cir. 2012).  Dismissal is required where the conduct

alleged in the indictment as a factual basis for the offense is not actually prohibited by the

language of the statute.  *See United States v. Pirro*, 212 F.3d 86, 92-93 (2d Cir. 2000).  Indeed,

"[a]n important corollary purpose" of the requirement that an indictment state the elements of an

offense is to allow the court to evaluate whether the facts alleged can support a conviction.  *See

Russell v. United States*, 369 U.S. 749, 768 (1962); *Pirro*, 212 F.3d at 92.  The sufficiency of the

indictment is a "matter of law," that can be determined prior to trial.  *See Pirro*, 212 F.3d at 92.

To satisfy Federal Rule of Criminal Procedure 7(c)(1), the indictment must "fully,

directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary

to constitute the offen[s]e intended to be punished" and "be accompanied with such a statement

of the facts and circumstances as will inform the accused of the specific offen[s]e, coming under

the general description, with which he is charged."  *Hamling v. United States*, 418 U.S. 87, 117-

18 (1974) (internal quotation marks omitted); *see also Pirro*, 212 F.3d at 91 (a "criminal

FILED UNDER SEAL

defendant is entitled to an indictment that states the essential elements of the charge against him"). One reason for this requirement is to inform the defendant of "the nature and cause of the accusation," so that he may prepare to challenge the evidence against him. *Russell*, 369 U.S. at 761. Another is "to ensure that the prosecution will not fill in elements of its case with facts other than those considered by the grand jury." *United States v. Walsh*, 194 F.3d 37, 44 (2d Cir. 1999). And while it is ordinarily sufficient for an indictment to track the language of a statute, "where the definition of an offen[s]e, whether it be at common law or by statute, includes generic terms, it is not sufficient that the indictment shall charge the offen[s]e in the same generic terms as in the definition; but it must state the species,—it must descend to particulars." *Pirro*, 212 F.3d at 93 (quoting *Russell*, 369 U.S. at 765)); *see also United States v. Stringer*, 730 F.3d 120, 126 (2d Cir. 2013) ("[F]or certain statutes specification of how a particular element of a criminal charge will be met (as opposed to categorical recitation of the element) is of such importance to the fairness of the proceeding that it must be spelled out in the indictment.").

In evaluating a motion to dismiss, courts "accept as true all of the allegations of the indictment," *United States v. Goldberg*, 756 F.2d 949, 950 (2d Cir. 1985), and "do not evaluate the adequacy of the facts to satisfy the elements of the charged offense," *United States v. Wedd*, 993 F.3d 104, 121 (2d Cir. 2021). However, an indictment "must be read to include facts which are necessarily implied by the specific allegations made." *United States v. LaSpina*, 299 F.3d 165, 177 (2d Cir. 2002) (citation omitted).

Section 1951 punishes attempts to obstruct commerce by "extortion," which "means the obtaining of property from another, with his consent, induced by wrongful use of . . . fear." 18 U.S.C. § 1951(b)(2). Section 875(d) punishes transmitting in commerce "any threat to injure the property or reputation of the addressee" "with intent to extort." Section 875(d) also "includes an

FILED UNDER SEAL

element of wrongfulness."  *United States v. Jackson*, 180 F.3d 55, 70 (2d Cir. 1999) ("*Jackson I*").  "[T]he use of fear of financial injury is not inherently wrongful."  *United States v. Clemente*, 640 F.2d 1069, 1077 (2d Cir. 1981).  A threat of economic or reputational harm is "wrongful" only where the threat "seeks money or property to which the threatener does not have, and cannot reasonably believe she has, a claim of right, or where the threat has no nexus to a plausible claim of right."  *Jackson I*, 180 F.3d at 71.

In *Jackson I*, the defendant threatened to harm Bill Cosby through public disclosure that she was his out-of-wedlock daughter if he did not pay her $40 million.  In concluding that the phrase "intent to extort" was meant to reach only demands that are inherently wrongful, the Second Circuit explained:

> We conclude that not all threats to reputation are within the scope of § 875(d), that the objective of the party employing fear of economic loss or damage to reputation will have a bearing on the lawfulness of its use, and that it is material whether the defendant had a claim of right to the money demanded.

> We do, however, view as inherently wrongful the type of threat to reputation that has no nexus to a claim of right. . . .

> Where there is no plausible claim of right and the only leverage to force the payment of money resides in the threat, where actual disclosure would be counterproductive, and where compliance with the threatener's demands provides no assurance against additional demands based on renewed threats of disclosure, we regard a threat to reputation as inherently wrongful.  We conclude that where a threat of harm to a person's reputation seeks money or property to which the threatener does not have, and cannot reasonably believe she has, a claim of right, or where the threat has no nexus to a plausible claim of right, the threat is inherently wrongful and its transmission in interstate commerce is prohibited by § 875(d).

*Id.* at 70-71.

The conduct alleged in the Indictment was not "wrongful" because Ms. Blackwood had the right to expose truthful information about Victim-1's misconduct, the right to sell that

FILED UNDER SEAL

information to the press, and the right to inform Victim-1.  These factual circumstances are different from a scenario where Individual X demands money in exchange for silence about Individual Y's infidelity and where no one financially benefits from disclosure; in that situation, Individual X gains nothing by disclosure.  Here, by contrast, Ms. Blackwood stood to gain by selling the information to the press.  Because of Victim-1's public status, the information had market value, in contrast with exposure of an ordinary person's sexual indiscretion, which only has personal value.  And, unlike the $40 million demand in *Jackson*, the money allegedly impliedly sought—$250,000, Tremonte Decl. Exh. A at USAO_001632—bore a relationship to the actual value of the information.  Thus, the threats had a nexus to a plausible claim of right.

Because "the disclosures themselves—not only the threats—ha[d] the potential for causing payment of the money demanded," *Jackson I*, 180 F.3d at 70, the threats in this case were not unlawful.  Accordingly, Counts One and Three fail to allege unlawful conduct and should be dismissed.

**II.     Count Two of the Indictment Should Be Dismissed Because the Cyberstalking Statute is Overbroad and Unconstitutionally Vague**

Section 2261A—the federal cyberstalking statute—covers, in relevant part, anyone who:

> (2) with the intent to kill, injure, harass, intimidate, or place under surveillance with intent to kill, injure, harass, or intimidate another person, uses the mail, any interactive computer service or electronic communication service or electronic communication system of interstate commerce, or any other facility of interstate or foreign commerce to engage in a course of conduct that—
>
>> (B) causes, attempts to cause, or would be reasonably expected to cause substantial emotional distress . . . .

18 U.S.C. § 2261A(2)(B).  As part of the Violence Against Women Reauthorization Act of 2013, Congress amended the statute to add an intent to "intimidate" and to cover conduct that

FILED UNDER SEAL

"attempts to cause, or would be reasonably expected to cause" substantial emotional distress. *See* Pub. L. No. 113-4, § 107(b) (2013); *United States v. Ackell*, 907 F.3d 67, 73 (1st Cir. 2018).

Section 2261A, both as applied to Ms. Blackwood and on its face, runs afoul of the First Amendment's speech protections and the Fifth Amendment's protections against criminal statutes that are unduly vague. The charge under Section 2261A proscribes protected political speech directed at a public figure because it allegedly caused substantial emotional distress, which contravenes the First Amendment. The charge is also infirm because the words "harass," "intimidate," and "substantial emotional distress" render Section 2261A void for vagueness. For these reasons, this Count Two of the Indictment should be dismissed.

**A.    The Cyberstalking Statute Encompasses Activity Protected by the First Amendment**

i.    18 U.S.C. § 2261A(2)(B) Violates the First Amendment as Applied to Ms. Blackwood

Under the First Amendment, "Congress shall make no law . . . abridging the freedom of speech." U.S. Const. amend. I. The First Amendment protects speech even when the subject or manner of expression causes discomfort or severe emotional distress. *See United States v. Stevens*, 559 U.S. 460, 469 (2010). Distressing speech of this nature is especially protected where it touches on matters of political, religious, or public concern. *See Dun & Bradstreet, Inc. v. Greenmoss Builders, Inc.*, 472 U.S. 749, 758-759 (1985) ("[S]peech on matters of public concern . . . is at the heart of the First Amendment's protection."). To this end, the Supreme Court has only recognized a few "well-defined and narrowly limited classes of speech" that

FILED UNDER SEAL

remain unprotected by the First Amendment. *Chaplinksy v. New Hampshire*, 315 U.S. 568, 571 (1942).[2]

Statutes regulating all other types of speech—particularly speech touching on matters of public concern—must survive heightened scrutiny. Such heightened scrutiny may be applied to restrictions related to the content of the speech at issue ("content-based" restrictions) or restrictions unrelated to the content of speech at issue ("content-neutral" restrictions). *See Hobbs v. Cnty. of Westchester*, 397 F.3d 133, 149 (2d Cir. 2005). Typically, a restriction is content-based if it regulates speech based on the effect that speech has on an audience. *See, e.g.*, *Boos v. Barry*, 485 U.S. 312, 321 (1988) (invalidating regulation targeting speech that would upset foreign governments); *Reno v. Am. Civ. Liberties Union*, 521 U.S. 844, 877 (1997) (invalidating regulation targeting speech that would offend or disturb minors). Content-based restrictions must survive strict scrutiny, which requires the government to show that the restriction is "necessary to serve a compelling government interest." *Zalaski v. City of Bridgeport Police Dep't*, 613 F.3d 336, 341 (2d Cir. 2010). Content-neutral regulations, which operate "without reference to the ideas or views expressed," *Turner Broad Sys., Inc. v. Fed. Comm'cns Comm.*, 512 U.S. 622, 643 (1994), must survive intermediate scrutiny, whereunder the government bears the burden to show that the restriction "furthers an important or substantial governmental interest," the interest is unrelated to the suppression of free expression, and the incidental

---

[2] These categories are (1) obscenity, *Roth v. United States*, 354 U.S. 476, 484-485 (1957); (2) defamation, *Beauharnais v. Illinois*, 343 U.S. 250, 254-255 (1952); (3) fraud, *Va. Bd. of Pharm. v. Va. Citizens Consumer Council, Inc.*, 425 U.S. 748, 771 (1976); (4) incitement, *Brandenburg v. Ohio*, 395 U.S. 444, 447-449 (1969) (per curiam); (5) true threats, *Watts v. United States*, 394 U.S. 705, 708 (1969); and speech integral to criminal conduct, *Giboney v. Empire Storage & Ice Co.*, 336 U.S. 490, 498 (1949). Ms. Blackwood's speech did not constitute a true threat because she did not threaten physical injury. *See United States v. Turner*, 720 F.3d 411, 420 (2d Cir. 2013). Furthermore, for the reasons stated in Part I, *supra*, the speech was not integral to any other criminal conduct, namely the extortion charges alleged.

FILED UNDER SEAL

restriction on First Amendment freedoms is no greater than essential to the furtherance of the interest.  *Jews for Jesus, Inc. v. Jewish Cmty. Relations Council of N.Y., Inc.*, 968 F.2d 286, 295 (2d Cir. 1992).

While the Second Circuit has not considered a First Amendment challenge to a charge under Section 2261A, another court has dismissed a Section 2261A charge under similar circumstances.  In *United States v. Cassidy*, 814 F. Supp. 2d 574 (D. Md. 2011), the defendant was charged under Section 2261A for thousands of postings he made to his blog and Twitter page regarding a high-ranking member of a sect of Buddhism.  *See id.* at 577-579.  These postings included threats of physical harm and derogatory statements directed at the Buddhist leader, as well as criticisms of her as a religious figure.  *See id.* at 579 n.6.  The court in *Cassidy* held that Section 2261A as applied to the defendant was a content-based restriction.  Because the defendant "allegedly violated the statute by intentionally causing substantial emotional distress to [the victim]," the relevant portion of the statute was content-based in that it "limit[ed] speech on the basis of whether that speech is emotionally distressing to [the victim.]"  *Id.* at 584.  The court further reasoned that the government's interest in protecting victims from emotional distress is not sufficiently compelling to survive strict scrutiny.  *Id.* at 585.  The statute also failed to serve a compelling interest because victim could protect herself by refusing to read the defendant's blog and blocking his Tweets.  *Cassidy*, 814 F. Supp. 2d at 585.

The Indictment here alleges that Ms. Blackwood sent text messages that "caused, attempted to cause, and would be reasonably expected to cause substantial emotional distress." Indictment at 2.  Accordingly, the relevant portion of the statute targets expression based on its content—and the government's interest in prohibiting this expression does not stand up to strict scrutiny.  Moreover, Victim-1 could block Ms. Blackwood's text messages at any time to protect

FILED UNDER SEAL

himself from the emotional distress, in "contrast to a telephone call, letter or e-mail" that cannot be blocked. *Cassidy*, 814 F. Supp. 2d at 578.

The *Cassidy* court also explained that the charge would fail under intermediate scrutiny. While recognizing that the government has an important interest in preventing the harassment of individuals, *id.* at 585, the *Cassidy* court concluded that the statute goes further than necessary to protect that interest because it sweeps in protected speech regarding a public figure, *id.* at 586. There, the victim was "an easily identifiable public figure that leads a religious sect," and many of the defendant's statements related to her beliefs and her qualifications as a leader. *Id.* Similarly, the victim at issue here is "the Chief Executive Officer of a publicly traded company" and is a "wealthy and high-profile" man. Indictment at 1-2. Moreover, many of Ms. Blackwood's text messages to the victim dealt with claims of sexual impropriety relevant to the modern MeToo movement and recent political focus on the sexual misconduct of powerful men against women in the workplace. *See, e.g.*, Tremonte Decl. Ex. A. at USAO_001636-1637, USAO_001648-1649, USAO_001731-1732. These messages deal with a hotly debated and publicly salient political issue, going to the core of First Amendment protections. Thus, under either strict or intermediate scrutiny, Section 2261A as applied to Ms. Blackwood violates her First Amendment right to protected speech.

One of the few in-circuit cases to address this question, *United States v. Sergentakis*, No. 15 Cr. 33(NSR), 2015 WL 3763988 (S.D.N.Y. June 15, 2015), demonstrates why this case is distinguishable from other out-of-circuit cases rejecting as-applied First Amendment challenges to Section 2261A. In *Sergentakis*, the defendant mailed letters to an executive of a charitable non-profit organization that threatened to publish (and eventually did publish and disseminate) alleged information that the executive was a child molester, raped his wife, and beat animals. *Id.*

FILED UNDER SEAL

at *1-2.  When analyzing whether defendant's conviction violated the First Amendment, the *Sergentakis* court approved the reasoning in *Cassidy* and contrasted it with the reasoning in other out-of-circuit cases that "deal[t] exclusively with purely private information" and "d[id] not raise any issues related to speech purportedly made about a public figure on matters of public concern."  *Id.* at *4 (citing *Untied States v. Osinger*, 753 F.3d 939 (9th Cir. 2014); *United States v. Sayer*, 748 F.3d 425 (1st Cir. 2014); *United States v. Petrovic*, 701 F.3d 849 (8th Cir. 2012); *United States v. Matusiewicz*, No. 13 Cr. 83, 2015 WL 1409650 (D. Del. Mar. 26, 2015)).

Ultimately, the *Sergentakis* court reasoned that the case turned on whether the victim was a public figure:  it concluded that the executive of the charitable non-profit was not a public figure because he did not have a large public following, general fame, notoriety, or pervasive involvement in the affairs of society.  *Sergentakis*, 2015 WL 3763988, at *5.  In contrast, the victim in this case clearly meets that description.  He is ███████████████████ ████████████████████████████████████████████████████████████████████ ████████████████.  The *Sergentakis* court also looked at whether the speech at issue was a matter of public concern—whether it could be "fairly considered as relating to any matter of political, social, or other concern to the community" or "a subject of legitimate news interest." *Id.* at *6.  Ms. Blackwood's speech is not just a "campaign of personal attacks," *id.*; it touched upon the treatment of women by powerful men, as considered by the prominent MeToo movement, news stations across the country, and the general public.  Under the reasoning in *Sergentakis*, this case falls in the *Cassidy* camp—and the statute as applied to Ms. Blackwood violates the First Amendment.

ii.    18 U.S.C. § 2261A(2)(B) Is Facially Overbroad Under the First Amendment

Section 2261A is overbroad because it prohibits all speech intended to trouble or annoy, even if that speech is protected by the First Amendment.  Accordingly, "a substantial number of

its applications are unconstitutional, judged in relation to the statute's plainly legitimate sweep." *United States v. Stevens*, 559 U.S. 460, 473 (2010).  The cyberstalking statute has been subject to challenges in several circuits, and the Eighth Circuit's recent analysis in *United States v. Sryniawski*, 48 F.4th 583 (8th Cir. 2022), highlights its infirmities.

In *Syrniawski*, the defendant was charged with cyberstalking and extortion after sending emails to a legislative candidate who was married to the defendant's ex-wife.  *Id.* at 585.  The emails claimed that the candidate's step-daughter was a pedophile, linked to articles and a blog detailing her alleged improprieties, and detailed molestation that the step-daughter had suffered at the hands of her biological father.  *Id.* at 585.  The defendant also disseminated this information publicly.  *Id.* at 586.  After trial, the jury was instructed that the defendant's speech was illegal and not protected by the First Amendment if it was "intended to harass or intimidate" and if it "would be reasonably expected to cause emotional distress."  *See id.*  After he was convicted, the defendant argued on appeal that the statute violated his First Amendment rights as applied, and the Eighth Circuit agreed.  *Id.* at 587, 589.[3]

The Eighth Circuit reasoned that construing the words "harass" and "intimidate" in their broadest sense would "infringe on rights protected by the First Amendment," and that "[e]ven where emotional distress is reasonably expected to result," the First Amendment "prohibits Congress from punishing political speech intended to harass or intimidate in the broad senses of those words."  *Id.* at 587.  In fact, the Free Speech Clause "protects a variety of speech that is

---

[3] The defendant also challenged the sufficiency of the evidence to sustain his conviction, and the panel noted that the challenge "merge[d] into a single question: whether the evidence was sufficient to convict Syrniawski of cyberstalking under § 2261A(2)(B) when the statute is interpreted in a way that is consonant with the First Amendment."  *Syrniawski*, 48 F.4th at 587.  Consequently, the court's eventual holding that the evidence was insufficient amounted to a holding that the prosecution under the statute violated the First Amendment.  *See id.* at 587, 589.

FILED UNDER SEAL

intended to trouble or annoy, or to make another timid or fearful." *Id.* (citing Supreme Court cases). Accordingly, the Eighth Circuit concluded that prosecution under the harassment and intimidation prongs of Section 2261A require allegations that the speech is somehow unprotected. *Id.* at 587-588. The Eighth Circuit subsequently rejected each contention that the speech at issue was unprotected, and ultimately concluded that because the defendant's speech was protected, he could not be convicted under the harassment or intimidation prongs of the statute. *See id.* at 588-589.

*Sryniawski*, *Cassidy*, *Sergentakis*, and this case each show that the propensity for Section 2261A to cover protected speech is substantial. By the Eighth Circuit's own analysis, the law read as written proscribes a wide swath of protected speech—and the First Amendment clearly prohibits such a law. Thus, this Court should find Section 2261A invalid on its face and dismiss Count Two of the Indictment on that basis.

In the alternative, the Court should dismiss the Count Two for insufficiency for failure to allege facts that guard against overbreadth. To avoid the constitutional problems, the terms "harass" and "intimidate" have been interpreted narrowly to mean placing the victim in fear of death or bodily injury. *See United States v. Yung*, 37 F.4th 70, 80 (3d Cir. 2022) (reasoning that "harass" and "intimidate" must fit with "the neighboring words with which [they are] associated"—namely, "kill" and "injure"). The indictment fails to allege that Ms. Blackwood intended to place Victim-1 in fear of death or bodily injury—it solely asserts that she intended to "injure, harass, and intimidate" another person." Indictment at 2. Under the only constitutionally viable interpretation of Section 2261A, Count Two is thus insufficient and must be dismissed.

FILED UNDER SEAL

**B.      The Cyberstalking Statute Is Unconstitutionally Vague**

A void-for-vagueness challenge is governed by the two-part test in *Kolender v. Lawson*, 461 U.S. 352, 357-358 (1983), which provides that a penal statute must meet the following requirements to satisfy the Fifth Amendment Due Process Clause: (1) the statute must describe the offense "with sufficient definiteness that ordinary people can understand what conduct is prohibited, and (2) the statute must be defined "in a manner that does not encourage arbitrary and discriminatory enforcement." *Id.* at 357; *see also United States v. Roberts*, 363 F.3d 118, 122 (2d Cir. 2004).  As the Supreme Court has explained, defendants' due process right to a fair warning encompasses the following:

> First, the vagueness doctrine bars enforcement of a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application.  Second, as a sort of junior version of the vagueness doctrine, the canon of strict construction of criminal statutes, or rule of lenity, ensures fair warning by so resolving ambiguity in a criminal statute as to apply it only to conduct clearly covered.  Third, although clarity at the requisite level may be supplied by judicial gloss on an otherwise uncertain statute, due process bars courts from applying a novel construction of a criminal statute to conduct that neither the statute nor any prior judicial decision has fairly disclosed to be within its scope.  In each of these guises, the touchstone is whether the statute, either standing alone or as construed, made it reasonably clear at the relevant time that the defendant's conduct was criminal.

*United States v. Lanier*, 520 U.S. 259, 266–67 (1997) (internal quotation marks and citations omitted).

Moreover, a statute may be void for vagueness even where "there is some conduct that clearly falls within the provision's grasp." *Johnson v. United States*, 576 U.S. 591, 602 (2015). Accordingly, even where a defendant may have committed conduct that is obviously covered by the statute's ambit, that defendant may still successfully challenge the statute as unconstitutionally vague because it is indefinite or permits arbitrary enforcement. *See Sessions*

17

*v. Dimaya*, 138 S. Ct. 1204, 1214 n.3 (2018) (reasoning that, even if defendant's completed burglary fell within the confines of the statute, the defendant could successfully challenge the statute as void under the rationale in *Johnson*).

i.   18 U.S.C. § 2261A(2)(B) Is Unconstitutionally Vague as Applied to Ms. Blackwood

The cyberstalking statute provides insufficient notice to citizens to understand what is prohibited.  It prohibits use of an electronic communication, with intent to "harass" or "intimidate," to engage in a course of conduct that "causes, attempts to cause, or would be reasonably expected to cause substantial emotional distress."  The *mens rea* element—to harass or intimidate—is too broad for an ordinary citizen to understand what is prohibited.

In *United States v. Bowker*, 372 F.3d 365 (6th Cir. 2004), *vac'd on other grounds sub. nom. Bowker v. United States*, 125 S. Ct. 1420 (2005), the court considered a vagueness challenge against a different provision of the federal stalking statute—Section 2261A(1)—that proscribes interstate stalking.  *Id.* at 370, 380.  The Sixth Circuit reasoned that the terms "harass" and "intimidate" were not vague in that provision because a conviction also required proof of "a reasonable fear of death or serious bodily injury."  *See id.* at 381.  Judge Dennis on the Fifth Circuit, addressing a vagueness challenge to Section 2261A(1), employed a similar analysis, recognizing that "the term harass considered on its own might otherwise arguably present a possibility of arbitrary and discriminatory enforcement."  *United States v. Stewart*, 207 F.3d 658, at *8 (5th Cir. 2000) (table) (Dennis, J., concurring) (quotation omitted).  To avoid an interpretation of the statute that would render it unconstitutionally vague, Judge Dennis concluded that to "harass" someone under Section 2261A means "to place that person in reasonable fear of death or serious bodily harm."  *Id.*; *accord United States v. Gonzalez*, 905 F.3d 165, 191 n.10 (3d Cir. 2018) (holding that Section 2261A is not unconstitutionally vague

FILED UNDER SEAL

because "it requires that a defendant intend to cause victims serious harm and in fact cause a reasonable fear of death or serious bodily injury").

Under these precepts, Section 2261A(2)(B) is void for vagueness as applied to Ms. Blackwood's case.  The Indictment does not allege that Ms. Blackwood intended to place Vitcim-1 in reasonable fear of death or serious bodily harm—instead, it alleges that she engaged in a course of conduct that "caused, attempted to cause, and would reasonably be expected to cause substantial emotional distress."  Indictment at 2.  What the Indictment lacks – a reasonable fear of death or serious bodily injury – is the reason why vagueness challenges have failed in other cases.  *See, e.g.*, *United States v. Conlan*, 786 F.3d 380, 384 (5th Cir. 2015) (defendant allegedly requested pictures from victim to "keep [him] under control" and repeatedly told victim to kill herself); *United States v. Shrader*, 675 F.3d 300, 302-304 (4th Cir. 2012) (defendant threatened to kill victim's nephews, assaulted victim, killed victim's mother and family friend, and repeatedly referenced this conduct in further communications with victim); *United States v. Sayer*, 748 F.3d 425, 428 (1st Cir. 2014) (defendant alleged to have sent random men to victim's house seeking sexual entertainment, even after victim moved addresses); *United States v. Oury*, No. 4:19-cr-080, 2020 WL 555377, at *1 (S.D. Ga. Feb. 4, 2020) (defendant alleged to have made threatening communications to people with a connection to victim); *United States v. Moreland*, 207 F. Supp. 3d 1222, 1225 (N.D. Okla. 2016) (defendant alleged to have made several communications referencing violence, including a threat that the victim had better kill the defendant before the defendant kill the victim and that the defendant was ready to "fight

FILED UNDER SEAL

to the death").[4]  Because the indictment in this case fails to allege such conduct, Count Two should be dismissed for vagueness.

       ii.    18 U.S.C. § 2261A(2)(B) Is Unconstitutionally Vague on Its Face

Even if this Court holds that Section 2261A is not unconstitutionally vague as applied to Ms. Blackwood—which it is—the Court should hold that Section 2261A is facially vague because it threatens to prosecute unobjectionable conduct and gives prosecutors arbitrary enforcement discretion.  As the Supreme Court has made clear, a statute cannot survive a vagueness challenge solely because the defendant's conduct falls within the ambit of the statute. *See Sessions*, 138 S. Ct. at 1214 n.3.  There is a plethora of otherwise acceptable conduct that could reasonably fall within the ambit of the statute:  repeated insults by an ex-partner who has suffered infidelity, continued reproachment by an employer when an employee is doing a poor job, threats to engage law enforcement if a trespasser refuses to vacate a backyard, and countless others.  People have no way of knowing which conduct is prohibited, and must instead risk suffering the arbitrary hammer of the government when engaging in such conduct.

With the foregoing analysis in mind, this Court should thus dismiss Count Two of the indictment because Section 2261A(2)(B) is unconstitutionally vague on its face.

## CONCLUSION

For the foregoing reasons, this Court should dismiss Counts One, Two, and Three, and grant such further relief as the Court may deem just and proper.

---

[4] In the few out-of-circuit cases not involving threats of physical violence, courts rejected vagueness challenges where the defendant actually followed through on non-violent threats by posting or disseminating embarrassing or invasive private information.  *See, e.g.*, *United States v. Osinger*, 753 F.3d 939, 942 (9th Cir. 2014).

FILED UNDER SEAL

Dated: February 2, 2023
       New York, New York

Respectfully submitted,

SHER TREMONTE LLP

/s/Michael Tremonte
Michael Tremonte
Anna Estevao
90 Broad Street, 23rd Floor
New York, New York 10004
T: (212) 202-2600
F: (212) 202-4156
mtremonte@shertremonte.com

*Attorneys for Sakoya Blackwood*