

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

February 17, 2023

**BY ECF**

The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

  Re: *United States v. Sakoya Blackwood*, 22 Cr. 460 (JMF)

Dear Judge Furman:

  The Government writes in response to the Court's February 13, 2023 order regarding redactions to the defendant's memoranda of law in support of her pretrial motions and the sealing of exhibits in support of those motions. Doc. No. 31.

  The Government does not dispute that the documents at issue are "judicial documents" and, therefore, are subject to a presumptive right of public access under both the common law and the First Amendment. *See generally United States v. Avenatti*, 550 F.Supp.3d 36, 44-48 (S.D.N.Y. 2021). Instead, the Government submits that there are "countervailing factors in the common law framework" and "higher values in the First Amendment framework"—namely, the privacy interests of Victim-1—that demand limited redactions and sealing, which are proposed below on a document-by document basis. *Id.* at 48 (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006)).

  The very harm that the defendant intended in this case—and that this prosecution sought to avoid—is the public disclosure of sexually explicit photographs of and communications with Victim-1 that could embarrass Victim-1 and cause him significant reputational and financial harm. Furthermore, the defendant's motion papers include what the Government believes to be false allegations that Victim-1 had sex with a minor, the disclosure of which would have obvious adverse consequences. The redactions and sealing that the Government proposes below are narrowly tailored to avoiding these harms and protecting the privacy interests of Victim-1.

  *Defendant's Memorandum in Support of Motion to Dismiss* (Doc. No. 25). The Government submits that the following limited redactions are appropriate to protect the privacy interests of Victim-1 discussed above:

- Page 4, Lines 6 and 8: The Government requests that the proper name on lines 6 and 8, and the entirety of footnote 1, be redacted. That material will enable the identification of Victim-1 and cause the harms discussed above.

Hon. Jesse M. Furman
February 17, 2023                                                                                                          Page 2

- Page 14: The Government requests that the remainder of the sentence that begins "He is the CEO of" be redacted. There are a limited number of individuals who fit the description in the remainder of that sentence. Disclosure of that material may assist in the identification of Victim-1 and cause the harms discussed above.

*Defendant's Memorandum in Support of Motion to Suppress* (Doc. No. 27). The Government is not seeking any redactions to this document to protect the privacy interests of Victim-1 discussed above. The Government notes, however, that the names of two of the defendant's family members appear on pages 2 and 5. If requested by the defendant, the Government has no objection to the redaction of those names to protect the privacy interest of those individuals.

*Exhibits A, F, and G to Tremonte Declaration*. Exhibit A is a 185-page extract from Victim-1's phone. Exhibit F is a 27-page extract from one of the defendant's phone with communications with Victim-1. Exhibit G is an 8-page email thread with pictures. These documents are replete with Victim-1's identifying information, including his name, phone number, and email address, and other information that can be used to identify Victim-1. The Government submits that they should be maintained under seal to protect Victim-1's privacy interests.

*Exhibits B, C, D, and E to Tremonte Declaration* (Warrants and Affidavits). The Government submits that the following limited redactions are appropriate to protect the privacy interests of Victim-1 discussed above:

- Paragraph 27 of the Affidavit in Exhibit B, Paragraph 11 of the Affidavit in Exhibit C, and Paragraph 10 of the Affidavit in Exhibit D: The Government requests that these paragraphs, which are all similar, be redacted. The information in these paragraphs can be used to identify Victim-1, which would result in the harms discussed above.

- Paragraph 17(g) of the Affidavit in Exhibit D: The Government requests that these paragraphs, which are all similar, be redacted. The information in these paragraphs can be used to identify Victim-1's company and, in turn, Victim-1, which would result in the harms discussed above.

Exhibits B, C, D, and E also include, at many points, the street address and apartment of the defendant's residence in the Bronx, photographs of the defendant's residence, IP addresses the defendant used (which, in turn, could lead to the identification of the defendant's residence), the names of family members of the defendant, as well as email addresses, phone numbers, and social media accounts that the defendant used. If requested by the defendant, the Government has no objection to the redaction of this information to protect the privacy interests of the defendant and her family members or, if such numerous redactions are impracticable, to maintaining Exhibits B, C, D, and E under seal.

Hon. Jesse M. Furman  
February 17, 2023                                                                                       Page 3

                                            Respectfully submitted,

                                            DAMIAN WILLIAMS  
                                            United States Attorney  
                                            Southern District of New York

                        By:    /s/_____  
                               Mollie Bracewell  
                               Justin V. Rodriguez  
                               Assistant United States Attorney  
                               (212) 637-2218

cc:     Counsel of record

The redactions and sealing are approved on a temporary basis.  The Court will assess whether to maintain them permanently when deciding the underlying motions.

                                            SO ORDERED.

                                            February 17, 2023