N32GblaC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

        v.                      22 Cr. 460 (JMF)

SAKOYA BLACKWOOD,

                                    Conference
            Defendant.

------------------------------x

                                    New York, N.Y.
                                    March 2, 2023
                                    3:00 p.m.

Before:

                  HON. JESSE M. FURMAN,

                                    District Judge

                       APPEARANCES

DAMIAN WILLIAMS
    United States Attorney for the
    Southern District of New York
JUSTIN RODRIGUEZ
    Assistant United States Attorney

ANNA ESTEVAO
MICHAEL TREMONTE
    Attorneys for Defendant

1           (Case called)
2           THE DEPUTY CLERK:  Counsel, please state your name for
3  the record.
4           MR. RODRIGUEZ:  Good afternoon, your Honor.  Justin
5  Rodriguez for the United States.
6           THE COURT:  Good afternoon.  Good to see you,
7  Mr. Rodriguez.
8           MS. ESTEVAO:  Good morning, Anna Estevao.  And with me
9  is my colleague Michael Tremonte on behalf of Ms. Blackwood,
10 who is seated to my left.
11          THE COURT:  Good afternoon to all of you.  You may be
12 seated.
13          We are here for a second pretrial conference.
14 Ms. Blackwood has filed two motions; motion to suppress and a
15 motion to dismiss.  I will confess I have skimmed the briefs,
16 but I haven't yet read them, and I'm not prepared to rule on
17 either motion at this time.  So you should not take anything I
18 do today, which will include setting a trial date, to intimate
19 a view on the motions.  I skimmed them, in part, because I
20 wanted to make sure that no one thought that we needed to hold
21 a hearing.  Given the nature of the motions, it doesn't seem to
22 me that a hearing would be appropriate or necessary.
23          Ms. Estevao, do you agree with that?
24          MS. ESTEVAO:  Yes, we agree.
25          THE COURT:  So I will give you a ruling on those in

N32GblaC

1   due course.

2        Aside from setting a trial date, is there anything
3   else that we should be discussing or doing today?

4        Mr. Rodriguez.

5        MR. RODRIGUEZ:  Not from the government.

6        THE COURT:  Ms. Estevao.

7        MS. ESTEVAO:  No, your Honor.

8        THE COURT:  Mr. Rodriguez, how long would a trial in
9   this matter take if the case were to go to trial?

10        MR. RODRIGUEZ:  So, your Honor, my best guess is a
11   week that spills maybe into the second week, given sort of the
12   nature of what the government anticipates the defense is going
13   to be in this case.  It strikes me as the kind of case where we
14   can really streamline the presentation of evidence and reach
15   appropriate stipulations.  And in that kind of universe, it
16   could even be less than a week.  But I think, all that being
17   said, between one and two weeks.

18        THE COURT:  Ms. Estevao, do you have any reason to
19   disagree with that estimate?

20        MS. ESTEVAO:  No reason to disagree.

21        THE COURT:  And my understanding is that you guys have
22   conferred and you were looking for a date in or about July.

23        Is that accurate, Mr. Rodriguez?

24        MR. RODRIGUEZ:  Yes, your Honor.  Obviously, the
25   government will be prepared on whatever date the Court sets.

1  For me personally, I would request not the week of July 4th,
2  but that's the only week that I personally would be
3  unavailable.
4           THE COURT:  Ms. Estevao, anything you want to say on
5  that front?
6           MS. ESTEVAO:  No.  But just that we would prefer the
7  earlier half of July.  If that's unavailable, then even late
8  June over late July.
9           THE COURT:  Mr. Rodriguez, can you elaborate on the
10 July 4th issue.  If I were to set it for late June and it goes
11 over a week, it might run into the week of July 4th.
12          MR. RODRIGUEZ:  Your Honor, I don't want to to be an
13 impediment to setting a trial date on the date that
14 Ms. Blackwood is requesting.  And so it would be just a
15 personal conflict for a pre-planned vacation.  But again, the
16 government is going to be prepared no matter what date the
17 Court sets.  So if I'm the only impediment to that, I don't
18 want to be, so the Court should set it if it's otherwise
19 available for late June.
20          THE COURT:  I think the reality is that I can't do
21 early July for a variety of reasons, most notably I don't think
22 I will be here.  So the options are the very end of July,
23 meaning the week of July 31st, or June 26th.  I take it,
24 between those, Ms. Estevao, you would prefer the June 26th
25 date; is that correct?

1          MS. ESTEVAO:  That's right, your Honor.

2          THE COURT:  Mr. Rodriguez, with apologies to you and
3   recognizing that you're not necessarily fungible, but you and
4   the office can figure it out, I will set it down for June 26th.
5   As you may know -- certainly Mr. Rodriguez knows -- my practice
6   is to issue an order about two months prior to that date, so
7   mid or late April, that would give you deadlines for final
8   pretrial conference, motions *in limine*, requests to charge,
9   proposed voir dire, those sorts of things.  To the extent that
10  you think any additional deadlines ought to be set, disclosure
11  of exhibit lists, anything of that sort, you should confer with
12  one another and make a request.  But in the ordinary course,
13  that order will set a final pretrial conference date and set
14  the deadlines that I just mentioned.

15         I think I previously set deadlines for expert
16  disclosures 60 days before trial and 30 days before trial,
17  government and defense respectively.  If I haven't already done
18  that, I will do that now.  If I have, I will reaffirm that.  If
19  there are any such disclosures and you think those dates don't
20  suffice for any reason, confer with one another and you can
21  move for appropriate relief.

22         Now, let me also emphasize that that date is a firm
23  date, which is to say that absent the disposition in this case,
24  which could include dismissal of the indictment, if I grant
25  that motion, that is the date that we will go to trial.  So

everybody should understand that and what that means.  That means if there is any late motion that needs to be filed, any late discovery that is made, any issue between Ms. Blackwood and counsel, anything that could affect your ability to begin trial on June 26th, it is incumbent upon you that you raise it sooner rather than later.  If you wait until the eve of trial to raise an issue that you could have and should have raised sooner that might affect our ability to begin trial on June 26th, I will deny your application on that basis alone.  I want to make sure everybody here understands that.

Mr. Rodriguez.

MR. RODRIGUEZ:  Yes, your Honor.  Understood.

THE COURT:  Mr. Estevao.

MS. ESTEVAO:  Understood, your Honor.

THE COURT:  Mr. Tremonte.

MR. TREMONTE:  Yes, your Honor.

THE COURT:  And Ms. Blackwood.

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Mr. Rodriguez, is there an application with respect to the speedy trial clock?

MR. RODRIGUEZ:  There is, your Honor.

The government would move to exclude time between now and the date of trial, June 26th of 2023.  The government submits that the ends of justice served by such an exclusion outweigh the best interests of the public and the defendant in

1   a speedy trial because such an exclusion will allow the
2   defendant and her counsel to prepare for trial.  In addition, I
3   believe that, given the pendency of the pretrial motions, the
4   speedy trial clock may also independently be stopped.
5              THE COURT:  It is certainly automatically excluded at
6   the moment, at least for the time being.  But putting that
7   aside, Ms. Estevao, any objection to excluding time between now
8   and the trial date?
9              MS. ESTEVAO:  No objection at this time.
10             THE COURT:  I will exclude time under the Speedy Trial
11  Act between today and June 26th, 2023.  I find that the ends of
12  justice served by excluding that time outweigh the interests of
13  the public and the defendant in speedy trial to ensure that
14  counsel and the defendant have an adequate amount of time to
15  prepare for trial.  And in the meantime, time is automatically
16  excluded by virtue of the pending motions.
17             Anything else, Mr. Rodriguez?
18             MR. RODRIGUEZ:  No, your Honor.
19             THE COURT:  Ms. Estevao.
20             MS. ESTEVAO:  No, your Honor.  Thank you.
21             THE COURT:  In that case, good to see everyone.  We
22  are adjourned.
23             (Adjourned)
24
25